# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 23, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *
MICHELLE GREEN,                     *          UNPUBLISHED
                                    *
            Petitioner,             *          No. 16-008V
                                    *
v.                                  *          Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *          Attorneys' Fees and Costs;
AND HUMAN SERVICES,                 *          Attorney Rates; Expert Flat Rate.
                                    *
            Respondent.             *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Lawrence R. Cohan*, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for petitioner.
*Ryan D. Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 20, 2020, Michelle Green ("petitioner"), filed a motion for final attorneys' fees and costs ("Fees App.") (ECF No. 60). For the reasons discussed below, I **GRANT** petitioner's motion and find that a reasonable final award of attorneys' fees and costs is **$88,415.05.**

### I.      Procedural History

On January 4, 2016, petitioner filed a petition for compensation within the National Vaccine Injury Compensation Program.[2] Petitioner alleged that an inactivated trivalent influenza

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012)

("flu") vaccination on September 15, 2014, caused the significant aggravation of her pre-existing asthma with the first manifestation of symptoms five days later.  Petition (ECF No. 1).

On April 4, 2016, respondent filed his report pursuant to Vaccine Rule 4(c) in which he recommended against compensation of petitioner's claim.  *See* Respondent's ("Resp.") Report (ECF No. 9).  Afterwards, petitioner filed expert reports from Ian Newmark, M.D.  Petitioner's Exhibit ("Pet. Ex.") 11 filed August 16, 2016 (ECF No. 14); Pet. Ex. 14 filed October 5, 2016 (ECF No. 20).  Respondent filed a responsive report from an expert with similar qualifications.  Resp. Ex. B filed December 7, 2016 (ECF No. 23).  An entitlement hearing took place in Philadelphia, Pennsylvania on December 4, 2018.  *See* Transcript ("Tr.") filed December 27, 2018 (ECF No. 44).  Following the submission of post-hearing briefs, I issued a decision denying petitioner's entitlement to compensation.  Decision filed April 30, 2020 (ECF No. 53).

On November 20, 2020, petitioner filed the present motion for attorneys' fees and costs which requests $66,002.80 in attorneys' fees and $25,633.05 in attorneys' costs for a total request of $91,635.85.  Fees App. (ECF No. 60).  Petitioner included a signed statement that she has not incurred any fees or costs related to the prosecution of the petition, in accordance with General Order #9.  *Id.* at 72.  On November 24, 2020, respondent filed a response indicating that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case and that he defers to the Court's discretion to determine a reasonable amount to be awarded.  Resp. Response (ECF No. 61).  Petitioner did not file a reply.  This matter is ripe for adjudication.

## II.     Legal Standard

The Vaccine Act provides that in the event that a petition results in compensation, the special master "shall" also award reasonable attorneys' fees and costs incurred in any proceeding on such petition.  42 U.S.C. § 300aa-15(e)(1).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.,* 515 F. 3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonable expended on the litigation.  *Id.* at 1347-58 (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct.

---

(Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id*. at 484 n.1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).  Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III.    Analysis

I find no reason to doubt that petitioner brought the claim in good faith.  I find that the claim also possessed a reasonable basis when it was filed and throughout its pendency, in light of the necessity to hold a hearing and carefully review the evidence in a reasoned opinion, as well as respondent's agreement that attorneys' fees and costs are available.  *See* Resp. Response at 2.

### A.  Attorneys' Costs

Petitioner requests the following hourly rates:

|  | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|---|
| **Lawrence R. Cohan, Esq.** | $400.00 | $400.00 | $420.00 | $440.00 | $450.00 | $484.00 |
| **David J. Carney, Esq.** | $275.00 | $275.00[3] | $290.00 | $315.00 | N/A | N/A |
| **Paralegal** | $135.00 | $135.00 | $135.00 | $135.00 | $145.00 | $145.00 |

*See* Fees App. at 20.

The majority of these rates are reasonable and have been consistently awarded, often as a result of reasoned opinions, within the Vaccine Program.

However, in past attorneys' fees and costs motions filed in the Program, Mr. Cohan regularly represented that for work performed in 2017, his appropriate rate was $400.00 per hour.  *See, e.g.*, *Powers v. Sec'y of Health & Human Servs.*, No. 15-1096V, 2018 WL 945779, at *1 (Fed. Cl. Spec. Mstr. Jan. 26, 2018); *Bible v. Sec'y of Health & Human Servs.*, No. 14-880V, 2019 WL 418504 (Fed. Cl. Spec. Mstr. Jan. 4, 2019); *Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2018 WL 4868997, at *2-3 (Fed. Cl. Spec. Mstr. Nov. 1, 2017).  Subsequently, Mr. Cohan began to request, for work performed in the same year, 2017, an increased rate of $420.00.  I previously determined to maintain Mr. Cohan's rate as $400.00 per hour for work performed in 2017 "not only because such a rate was deemed reasonable under the standards set forth in *McCulloch*, but also because that was the rate at which Mr. Cohan

---

[3] The above chart is intended as an overview – petitioner actually requests that Mr. Carney's rate be increased from $275.00 to $290.00 beginning in September 2016, which I find reasonable and therefore will be awarded.  *See* Fees App. at 20.

warranted that he billed for his work." *Bartkus v. Sec'y of Health & Human Servs.*, No. 15-261V, 2019 WL 2067278, at \*2 (Fed. Cl. Spec. Mstr. April 19, 2019).  Other special masters have reasoned that it is unreasonable for Mr. Carney to retroactively seek an increase for certain work performed in the same year.  *See, e.g.*, *Charneco v. Sec'y of Health & Human Servs.*, No. 17-458V, 2019 WL 3753290, at \*3 (Fed. Cl. Spec. Mstr. Jul. 18, 2019) (adding, "although petitioner believes that this rate is stagnate, it is only so because Mr. Cohan failed to request a higher rate at the time he first requested compensation for work performed in those years"); *E.L. v. Sec'y of Health & Human Servs.*, No. 16-1635V, 2019 WL 7938524, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10, 2019) (again awarding $400.00 an hour); *Burkett v. Sec'y of Health & Human Servs.*, No. 16.1267V, 2019 WL 5123075, at \*3-4 (Fed. Cl. Spec. Mstr. July 27, 2020) (denying petitioner's motion for reconsideration on this subject); *Stout v. Sec'y of Health & Human Servs.*, No. 17-1077V, 2020 WL 5522937, at \*2 (Fed. Cl. Spec. Mstr. Aug. 11, 2020); *Shelly v. Sec'y of Health & Human Servs.*, No. 18-519V, 2020 WL 5637796, at \*2 (Fed. Cl. Spec. Mstr. Aug. 21, 2020) (stating: "It is not practice in the Vaccine Program to retroactively increase rates previously awarded in the Program or to deviate from prior awards simply because a petitioner asks for a higher rate in a subsequent case"); *Randolph v. Sec'y of Health & Human Servs.*, No. 18-1231V, 2020 WL 5909092, at \*4 (Fed. Cl. Spec. Mstr. Sept. 8, 2020) (same).

All of the above opinions expressly stating that Mr. Cohan's rate for work performed in 2017 would remain at $400.00 per hour were issued, and publicly available, at the time that petitioner filed the instant motion in November 2020.  However, petitioner does not address their reasoning.  He avers only: "While there have been differing opinions, Mr. Cohan's rate of $420.00 for work performed in 2017 was… approved" in at least one opinion and should therefore be awarded here.  Fees App. at 3-4, citing *Johnson v. Sec'y of Health & Human Servs.*, No. 17-1078V, 2020 WL 5700729 (Fed. Cl. Spec. Mstr. Aug. 25, 2020).  However, the cited case does not expressly address Mr. Cohan's rate.  I find the earlier *reasoned* opinions to be far more persuasive.  **I will maintain Mr. Cohan's 2017 rate at $400.00 per hour, which results in a deduction of $92.00.**

Petitioner also cites *Johnson* for the proposition that Mr. Cohan's work performed in 2020 merits a rate of $484.00 per hour.  Fees App. at 3-4.  But again, the *Johnson* decision does not expressly address the rate or include any reasoning about why this is reasonable.  In contrast, the Chief Special Master has issued several opinions, which were available when the instant motion was filed, concluding that a more appropriate rate is $470.00 per hour.  *See Stout*, 2020 WL 5522937, at \*2*; see also Shelly,* 2020 WL 5637796, at \*2; *Randolph*, 2020 WL 5909092, at \*4.  **I do not see compelling reason to deviate from the Chief Special Master's reasoning. This results in a deduction of $128.80.**

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable.  The entries reasonably and accurately describe the work performed and the length of time it took to perform each task.  Moreover, respondent has not identified any particular entries as being objectionable.  Therefore, they are compensated without adjustment.  Petitioner is awarded **$65,782.00 in attorneys' fees.**

### B. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioner requests attorneys' costs in the amount of $25,633.05, which includes the costs of obtaining medical records, postage, the filing fee, and costs associated with the entitlement hearing. Fees App. at 22-23; *see also id.* at 24-36, 38-39, 42, 44-47, 49-56, 58-69. I find that these costs are adequately documented and reasonable.

Petitioner's counsel also requests reimbursement for payments to her expert, Ian H. Newmark, M.D. The entitlement decision provides that Dr. Newmark is board-certified in internal medicine which encompasses the specialty of pulmonology. At the time of the entitlement hearing, he was serving as Chief of Pulmonary Disease at Syosset Hospital Northwell Health in New York. While he had previously served as an expert witness for both plaintiffs and defendants in medical malpractice claims, this was Dr. Newmark's first occasion serving as an expert witness in the Vaccine Program. *See* Entitlement Decision at n. 5. The fee application reflects that Dr. Newmark billed $450.00 per hour for fourteen hours expended prior to the hearing, $500.00 per hour for six hours of preparation for the hearing, and $500.00 per hour for six hours consulting with petitioner's counsel after the hearing (during preparation of her post-hearing brief). Fees App. at 37, 40-41, 43, 48, 57, 70. I find that this billing is adequately documented and reasonable.

Petitioner's counsel also requests reimbursement for Dr. Newmark charging a flat rate of $8,500.00 for testimony at the entitlement hearing. Special masters have previously declined to award flat rates for experts' participation in hearings. *See, e.g.*, *Hock v. Sec'y of Health & Human Servs.*, 17-168V, 2019 WL 4744768, at *3 (Fed. Cl. Spec. Mstr. Aug. 12, 2019); *Zumwalt v. Sec'y of Health & Human Servs.*, 16-994V, 2018 WL 6975184, at *4-5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (collecting prior cases). It is also well-established that attorneys and experts should not bill their full hourly rates for time spent traveling, absent evidence that they were simultaneously working on the case at hand. *See, e.g.* Fees App. at 2, 16, 20 (reflecting that petitioner's attorney David Carney billed half his regular rate for travel to this hearing).

Here, the transcript reflects that the hearing began at 9:30 a.m. and concluded at 4:43 p.m. – a duration of approximately seven hours (including a one-hour lunch break, during which it would be reasonable for the expert to remain with counsel, focused on the case). Tr. 1, 253; *see also* Fees App. at 58-59, 64-65 (invoices reflecting that Dr. Newmark initially booked an Amtrak fare from Philadelphia back to New York City departing at 6:00 p.m., but after the hearing concluded, he changed his departure to 5:32 p.m.). Compensating Dr. Newmark $8,500.00 for participation in the hearing would equate to an hourly rate of $1,214.29, which would be grossly excessive. I will instead compensate Dr. Newmark for seven hours' participation at the hearing. I also find it reasonable to accept that Dr. Newmark reviewed the case in preparation for his testimony during the approximately two hour-long train ride to Philadelphia, for which he will be compensated at his full rate. However, for the train ride back, he will be compensated at the reduced travel rate of $250.00. **This results in a deduction of $3,000.00 from the costs request.**

5

## IV.     Conclusion

In accordance with the above, petitioner's motion is **GRANTED**.  Petitioner is awarded the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $66,002.80 |
| *Adjustment to Mr. Cohan's 2017 Rate:* | - $   92.00 |
| *Adjustment to Mr. Cohan's 2020 Rate:* | - $  128.80 |
| **Attorneys' Fees Awarded:** | **$65,782.80** |
| | |
| Attorneys' Costs Requested | $25,633.05 |
| *Reductions for Expert Flat Rate:* | -$3,000.00 |
| **Attorneys' Costs Awarded:** | **$22,633.05** |
| | |
| **Attorneys' Fees and Costs Awarded:** | **$88,415.05** |

**Accordingly, I award a lump sum in the amount of $88,415.05, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney Mr. Lawrence R. Cohan.**[4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney in a case including, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).